AO 187 (Rev. 7/87) | USDC/CRT-009 (Rev. 1/07) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

UNITED STATES

**EXHIBIT AND WITNESS LIST**

v.

ERIC JACOB RIGGS

Case Number: 2:17-00026

| PRESIDING JUDGE<br>Honorable John T. Copenhaver, Jr. | | PLAINTIFF'S ATTORNEY<br>Steven R. Ramseyer | | DEFENDANT'S ATTORNEY<br>Christian M. Capece | |
|---|---|---|---|---|---|
| TRIAL DATE (S)<br>Sentencing - 3/26/18 | | COURT REPORTER<br>Catherine L. Schutte-Stant | | COURTROOM DEPUTY<br>Kelley A. Miller | |

| PLF.<br>NO. | DEF.<br>NO. | DATE<br>OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* OR NAME OF WITNESSES |
|---|---|---|---|---|---|
| | | 3/26/18 | ✓ | ✓ | Court Exhibit No. 1 - State court documents |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size

Page 1 of ___1___ Pages

# Indictment                    □ COPY

No. ___12 - F - 130___

STATE OF WEST VIRGINIA,

COUNTY OF FAYETTE, TO-WIT:

IN THE CIRCUIT COURT OF THE COUNTY OF FAYETTE

The Grand Jurors of the State of West Virginia, in and for the body of the County of Fayette, upon their oaths, and now attending the said Court, present that **ERIC J. RIGGS**, on or about the 22nd day of August, 2011, in the said County of Fayette,

## COUNT ONE

Committed the offense of "malicious assault" in that he did unlawfully, feloniously and maliciously cut and/or stab with a knife or other sharp object, Joseph Blackburn, and caused him bodily injury, with intent to permanently maim, disfigure, disable or kill, against the peace and dignity of the State.

W. Va. Code § 61-2-9(a)

## COUNT TWO

And the Grand Jurors, upon their oaths aforesaid, do further present that **ERIC J. RIGGS**, on or about the 22nd day of August, 2011, in the said County of Fayette, committed the offense of "attempted murder" in that he did unlawfully, feloniously, willfully, maliciously, deliberately, attempt to slay, kill and murder Joseph Blackburn, by cutting and/or stabbing him with a knife or other sharp object, against the peace and dignity of the State.

W. Va. Code § 61-2-1

W. Va. Code § 61-11-8

Found upon the sworn testimony of M.A. Elswick, duly sworn in the presence of the Grand Jury to testify truthfully and thereupon testifying before the Grand Jury on the 9th day of May, 2012.

_____
Prosecuting Attorney
Fayette County, West Virginia

COURT'S
EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT. 5-11-26
DATE: 3-26-18

STATE OF WEST VIRGINIA

Versus

Eric J. Riggs

Indictment For

Felony

A TRUE BILL

Foreperson of the Grand Jury

Attest:

Prosecuting Attorney
Fayette County, West Virginia

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

VS:

ERIC J. RIGGS
(DOB: 11-21-1980)
Defendant

INDICTMENT NO. 12-F-130
JOHN W. HATCHER, JR. JUDGE

TRANSPORT ORDER

On this date came the State of West Virginia by Prosecuting Attorney Carl L. Harris, who moved the Court for transport of Eric J. Riggs from the Mount Olive Correctional Complex at Mt. Olive, West Virginia, to the Sheriff's department holding cell for the purpose of arraignment in the above-captioned matter on THURSDAY, MAY 31, 2012 at 1:00 p.m. before the Honorable John W. Hatcher, Jr.

It appearing proper to do so, such motion is granted, and it is hereby **ORDERED** that the Division of Corrections shall transport Eric J. Riggs from the Mount Olive Correctional Center at Mount Olive, West Virginia, to the Sheriff's department holding cell on **THURSDAY, MAY 31, 2012 at 1:00 P.M. for arraignment before the Honorable John W. Hatcher, Jr. at 1:30p.m.** and shall return Eric J. Riggs to the Mount Olive Correctional Center at the conclusion, unless otherwise directed by the Court.

The Clerk of this Court is directed to forward attested copies of this Order to Carl L. Harris, Prosecuting Attorney; Fayette County Sheriff's Department; the Division of Corrections, State Capitol Complex, Building 4, 112 California Avenue, Room 300, Charleston, WV 25305; and the Mount Olive Correctional Complex, 1 Mountainside Way, Box 9 Mt. Olive, WV 25185 and by facsimile 304-442-7226.

ENTERED this **21** day of May 2012.

JOHN W. HATCHER, JR., JUDGE

Presented By:

Carl L. Harris
Prosecuting Attorney

Attested Copies to:
CLH    /
FCSD   /
DOC    /
MOCC   /
Date: 5/21/12
Initials: jc

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| September 6, 2017 2:13:21 PM EDT | | 201 | 10 | Received |

Sep. 6. 2017 2:08PM

681-945-6823
Attn: Michelle

No. 0783   P. 1/10

## IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA**

**v.**

INDICTMENT NUMBER 12-F-130
THE HONORABLE JOHN W. HATCHER, JR.

**ERIC J. RIGGS**

**ARRAIGNMENT ORDER**

On the 31st day of May, 2012, came the State of West Virginia by its counsel, Larry E. Harrah, II appearing on behalf of Carl L. Harris, Fayette County Prosecuting Attorney, and the defendant, ERIC J. BIGGS, in person and by counsel, Nancy S. Fraley, appearing on behalf of James A. Adkins, Public Defender.

**THEREUPON,** the Court delivered a true copy of the indictment to the defendant and to his counsel. At that time the defendant, acting by and through counsel, acknowledged a receipt of a true copy of the indictment, waived formal reading of said indictment, entered a plea of not guilty to all counts of said indictment, requested Discovery pursuant to Rule 32.03 of the West Virginia Trial Court Rules and reserved on all other pre-trial motions.

**THEREUPON,** the Court was informed that bond was not an issue at this time, since the defendant was incarcerated at Mount Olive Correctional Complex and the defendant was remanded back into the custody of the Department of Corrections.

It is further **ORDERED** that trial in this matter is hereby set for **MONDAY, JULY 9, 2012,** at the hour of 9:00 A. M. and all pretrial motions, by either the State and/or the defendant, shall be resolved on or before June 22, 2012.

**ENTERED:**

JOHN W. HATCHER, JR.
FAYETTE COUNTY CIRCUIT JUDGE

**LARRY E. HARRAH, II
APPEARING ON BEHALF OF
CARL L. HARRIS
COUNSEL FOR THE STATE**

**NANCY S. FRALEY (5764)
APPEARING ON BEHALF OF
JAMES A. ADKINS
COUNSEL FOR THE DEFENDANT**

Attested Copies to:
LEH      /
NSF      /
         /
         /
Date: 6-8-12
Initials: DS
ENTERED June 8, 2012
Criminal OBK 116 PAGE 1114



*Filed*
01/23/18

*Office of the*
# FAYETTE COUNTY
# PROSECUTING ATTORNEY

*108 East Maple Avenue*
*Fayetteville, West Virginia 25840*
*(304) 574-4230*
*Fax (304) 574-0228*

Prosecuting Attorney:
CARL L. HARRIS

Assistants:
Brian D. Parsons
Larry E. Harrah, II
Roger L. Lambert
Jeffery Mauzy

January 11, 2013

Mr. James A. Adkins
Assistant Public Defender
102 Fayette Avenue
Fayetteville, WV 25840

Re:    State v. Eric J. Riggs
        Indictment No. 12-F-130 (B)

Dear Mr. Adkins:

Please be advised that the State of West Virginia is prepared to extend to your client, Eric J. Riggs, the following plea agreement, subject to the approval of the Court:

1. The defendant, Eric J. Riggs, will enter a plea of guilty to the felony offense of malicious assault as charged in Count One of Indictment No. 12-F-130, Mr. Riggs understands that upon entering his plea of guilty and pursuant to West Virginia Code §61-2-9 that upon conviction, shall, in the discretion of the court he shall be confined in the penitentiary not less than two nor more than ten years.

2. Counsel for the State will move to dismiss Count Two charging the felony offense of attempted murder.

ERIC RIGGS
Defendant

1 - 23 - 13
DATE

JAMES A. ADKINS
Counsel for Defendant

1-23-13
DATE

Mr. James A. Adkins
January 11, 2013
Page Two

Re:    State v. Eric J. Riggs
       Indictment No. 12-F-130

3.    Counsel for the State will recommend said sentence be served concurrently to the sentence the defendant is currently serving for Mercer County Indictment 07-F-299.

4.    It is further understood that the defendant will be required to give a factual basis for his plea of guilty to the above referenced offense and that his plea of guilty will not be entered pursuant to the case of Kennedy vs. Frazier.

5.    The defendant understands that sentencing is in the sole discretion of the Court.

6.    It is further understood that should the defendant be charged with a violation of State or Federal criminal laws up to and including the date of disposition, this Agreement may be terminated as null and void at the sole discretion of the State.

7.    It is expressly understood that should the within plea be vacated, set aside or overturned by any State or Federal Court, the parties will be returned to their original positions. In addition, should any party to this Agreement fail to meet the terms and conditions of this Agreement, this Agreement shall terminate as null and void at the option of the offended party and both parties will be returned to their original position before the entry of this plea, and any charges dismissed or reduced will be reinstated. Further, the defendant agrees that an unpleasant or unanticipated sentence does not give the defendant the right to withdraw from this Plea Agreement.

The above seven (7) paragraphs constitute the entire agreement between Eric J. Riggs and the State of West Virginia.

If your client chooses to accept this offer, please acknowledge by affixing your signature and having your client affix his signature below. If your client chooses not to accept this offer, please advise me of such, as the State will proceed with prosecution of this case.

Very truly yours,

Carl L. Harris
Prosecuting Attorney

rb

ERIC J. RIGGS
Defendant

                                            1-23-13
                                            DATE

JAMES A. ADKINS
Counsel for Defendant

                                            1-23-13
                                            DATE

13- F   -152
ERIC J. RIGGS

# Indictment

13- F   -153
STEPHEN HOUGHTON

No. _____

STATE OF WEST VIRGINIA,

COUNTY OF FAYETTE, TO-WIT:

## IN THE CIRCUIT COURT OF THE COUNTY OF FAYETTE

The Grand Jurors of the State of West Virginia, in and for the body of the County of Fayette, upon their oaths, and now attending the said Court, present that **ERIC J. RIGGS and STEPHEN HOUGHTON**, on or about the 6th day of February, 2013, in the said County of Fayette,

### COUNT ONE

committed the offense of "malicious assault" in that they did unlawfully, feloniously and maliciously cut and/or stab with a knife or other sharp object, Jordan Rauch, and caused him bodily injury, with intent to permanently maim, disfigure, disable or kill, against the peace and dignity of the State.

W. Va. Code § 61-2-9(a)

### COUNT TWO

And the Grand Jurors, upon their oaths aforesaid, do further present that **ERIC J. RIGGS and STEPHEN HOUGHTON**, on or about the 6th day of February, 2013, in the said County of Fayette, committed the offense of "attempted murder" in that they did unlawfully, feloniously, willfully, maliciously, deliberately, attempt to slay, kill and murder Jordan Rauch, by cutting and/or stabbing him with a knife or other sharp object, against the peace and dignity of the State.

W. Va. Code § 61-2-1

W. Va. Code § 61-11-8

Found upon the sworn testimony of M.A. Elswick, duly sworn in the presence of the Grand Jury to testify truthfully and thereupon testifying before the Grand Jury on the 15th day of May, 2013.

_____
Prosecuting Attorney
Fayette County, West Virginia

STEPHEN HOUGHTON
13- F   -153

ERIC J. RIGGS
13- F   -152

## IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

v.                                          INDICTMENT NUMBER 13-F-152
                                            THE HONORABLE TIMOTHY L. SWEENEY

ERIC J. RIGGS                               ARRAIGNMENT ORDER

On the 24th day of July, 2013, came the State of West Virginia by its counsel, Carl L. Harris, Fayette County Prosecuting Attorney, and the defendant, **ERIC J. RIGGS**, in person and by counsel, James A. Adkins, Assistant Public Defender.

**THEREUPON,** the Court delivered a true copy of the indictment to the defendant and to his counsel.   At that time the defendant, acting by and through counsel, acknowledged a receipt of a true copy of the indictment, waived formal reading of said indictment, entered a plea of not guilty to all counts of said indictment, requested Discovery pursuant to Rule 32.03 of the West Virginia Trial Court Rules and reserved on all other pre-trial motions.

**THEREUPON,** the Court was informed that bond was not an issue at this time and was precluded by statute.

It is further **ORDERED** that trial in this matter is hereby set for **MONDAY, SEPTEMBER 30, 2013,** at the hour of **9:00 A. M.** and parties are to notify the Court if a pretrial hearing is needed.

**ENTERED:**

TIMOTHY L. SWEENEY, JR.
FAYETTE COUNTY CIRCUIT JUDGE

CARL L. HARRIS
COUNSEL FOR THE STATE

Attested Copies to:

JAMES A. ADKINS (9892)
COUNSEL FOR THE DEFENDANT

CLH /
JAA /
/
Date: 8-1-13
Initials: DEW

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| February 15, 2018 10:22:21 AM EST | | 168 | 7 | Received |

Feb. 15. 2018  10:16AM         No. 2684  P. 1



*Office of the*

# FAYETTE COUNTY
# PROSECUTING ATTORNEY

*108 East Maple Avenue*
*Fayetteville, West Virginia 25840*
*(304) 574-4230*
*Fax (304) 574-0228*

Prosecuting Attorney:
**CARL L. HARRIS**

Assistants:
Brian D. Parsons
Larry E. Harrah, II
Roger L. Lambert
Jeffery T. Mauzy

DANIEL E. WRIGHT
FAYETTE COUNTY
CIRCUIT CLERK
SEP 27 A II: 43

September 6, 2013

Mr. James A. Adkins
Assistant Public Defender
102 Fayette Avenue
Fayetteville, WV 25840

              Re:    State v. Eric J. Riggs
                         Indictment Nos. 12-F-130 & 13-F-152

Dear Mr. Adkins:

       Please be advised that the State of West Virginia is prepared to extend to your client, Eric J. Riggs, the following plea agreement, subject to the approval of the Court:

1.      The defendant, Eric J. Riggs, will enter a plea of guilty to the felony offense of malicious assault, as charged in Count One of Indictment No. 12-F-130. The defendant understands that upon entering his plea of guilty and pursuant to West Virginia Code §61-2-9 that upon conviction, the defendant shall be punished by confinement in the penitentiary not less than two (2) nor more than ten (10) years.

_____
**ERIC RIGGS**
Defendant

                             7-12-13
                             _____
                             **DATE**

_____
**JAMES A. ADKINS**
Counsel for Defendant

                             7/12/13
                             _____
                             **DATE**

Mr. James A. Adkins
September 6, 2013
Page Two

Re:    State v. Eric J. Riggs
Indictment Nos. 12-F-130 & 13-F-152

2.    The defendant, Eric J. Riggs, will enter a plea of guilty to the felony offense of malicious assault, as charged in Count One of Indictment No. 13-F-152. The defendant understands that upon entering his plea of guilty and pursuant to West Virginia Code §61-2-9 that upon conviction, the defendant shall be punished by confinement in the penitentiary not less than two (2) nor more than ten (10) years.

3.    The State will dismiss Count Two of Indictment No. 12-F-130, charging the felony offense of attempted murder and Count Two of Indictment No. 13-F-152, charging the felony offense of attempted murder.

4.    It is further understood that the defendant will be required to give a factual basis for these pleas of guilty to the above-referenced offenses and that the pleas of guilty will not be entered pursuant to the case of Kennedy vs. Frazier.

5.    The State will recommend that the sentences imposed be served concurrently with each other.

6.    The defendant understands that sentencing is in the sole discretion of the Court.

7.    It is further understood that should the defendant be charged with a violation of State or Federal criminal laws up to and including the date of disposition, this Agreement may be terminated as null and void at the sole discretion of the State.

8.    It is expressly understood that should the within plea be vacated, set aside or overturned by any State or Federal Court, the parties will be returned to their original positions. In addition, should any party to this Agreement fail to meet the terms and conditions of this Agreement, this Agreement shall terminate as null and void at the

ERIC RIGGS
Defendant

9-12-13
DATE

JAMES A. ADKINS
Counsel for Defendant

9/12/13
DATE

Mr. James A. Adkins
September 6, 2013
Page Three

Re:    State v. Eric J. Riggs
       Indictment Nos. 12-F-130 & 13-F-152

option of the offended party and both parties will be returned to their original position before the entry of this plea, and any charges dismissed or reduced will be reinstated. Further, the defendant agrees that an unpleasant or unanticipated sentence does not give the defendant the right to withdraw from this Plea Agreement.

The above eight (8) paragraphs constitute the entire agreement between Eric J. Riggs and the State of West Virginia.

If your client chooses to accept this offer, please acknowledge by affixing respective signatures as indicated throughout this agreement. If your client chooses not to accept this offer, please advise me of such, as the State will proceed with prosecution of this case.

Very truly yours,

Carl L. Harris
Prosecuting Attorney

Accepted by:

ERIC J. RIGGS
Defendant

9.12.13
DATE

JAMES A. ADKINS
Counsel for Defendant

9/12/13
DATE

## IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA**

v.

**INDICTMENT NUMBER 12-F-130**
**INDICTMENT NUMBER 13-F-152**
**THE HONORABLE TIMOTHY SWEENEY**

**ERIC J. RIGGS**

### PLEA OF GUILTY

I, **ERIC J. RIGGS**, having been accused in an indictment by the May, 2012 and the May 2013 Term of the Grand Jury of the Circuit Court of Fayette County, of committing the felony offenses of "malicious assault," in violation of West Virginia Code §61-2-9(a), as set forth in Count One of Indictment Number 12-F-130 and Indictment Number 13-F-152, and "attempted murder," in violation of West Virginia Code §61-2-1 and West Virginia Code §61-11-8, as set forth in Count Two of Indictment Number 12-F-130 and Indictment Number 13-F-152, desire to enter a plea of guilty directly to the felony offenses of "malicious assault," in violation of West Virginia Code §61-2-9, as set forth in Count One of Indictment Number 12-F-130 and Count One of Indictment Number 13-F-152, both provable offenses as contained in said indictments.

Before being called upon to enter any plea in this case, I fully understand the following:

That I have the right to hire a lawyer of my choice and that if I cannot afford to hire a lawyer, the Court will appoint a lawyer qualified in the handling of criminal matters to defend me without any cost to me;

*Eric Riggs*

**ERIC J. RIGGS**
**DEFENDANT**

### PAGE ONE OF FOUR PAGES

That I have a right to consult with my lawyer and have him advise me and prepare a defense for me;

That if I plead not guilty, I would receive a public trial by an impartial jury of twelve (12) persons, but if I plead guilty I would not receive a jury trial;

That I have the right to require the State of West Virginia to prove its case against me beyond a reasonable doubt;

That I have the right to remain silent and say nothing at all during all proceedings in this case;

That I have the right to confront my accusers and cross-examine them and have my lawyer cross-examine them;

That I have the right to testify in my own defense and to present witnesses in my own defense;

That in the event I am convicted by a jury, I have the right to petition the West Virginia Supreme Court of Appeals for an appeal of said conviction for any errors of law made by the Trial Court;

That I have the right to ask the Court to suppress illegally obtained evidence and illegally obtained confessions, if any; and

That I have the right to challenge in the Trial Court and on appeal all pre-trial proceedings, but by pleading guilty I waive all pre-trial defects with regard to, among others, my arrest, the gathering of evidence against me and prior confessions, as well as, all non-jurisdictional defects in this criminal proceeding.

Having read and understood all of my foregoing rights and further knowing and understanding that any plea bargaining which appears in the record of this case is not binding upon the Court with respect to punishment or probation and understanding that in the event I should

_____
ERIC J. RIGGS
DEFENDANT

**PAGE TWO OF FOUR PAGES**

plead guilty to the felony offenses of "malicious assault," in violation of West Virginia Code §61-2-2, as set forth in Count One of Indictment Number 12-F-130 and Count One of Indictment Number 13-F-152, I shall, in the discretion of the Court, be confined in the penitentiary not less than two (2) years nor more than ten (10) years, on each count, it is still my intention and desire to enter a plea of guilty.

I further know and understand that the sentences to be imposed herein may be ordered to be served concurrently, that being at the same time, or consecutively, that being one after the other.

I also know and understand, having been counseled by my lawyer, that I will be required to pay court costs and may be required to pay restitution, in addition to any fine or imprisonment the Court may impose. It is further my understanding that the Court will Order that all costs relating to this matter be paid within a specific time frame. I understand that if I fail to complete payment by the required date, the Fayette County Circuit Clerk's Office will notify the West Virginia Department of Motor Vehicles and my privilege to drive will be suspended.

Therefore, in the presence of James A. Adkins, my lawyer, who has, to my complete and total satisfaction, represented, advised and consulted with me in this case and who has fully explained the nature and meaning of the charges contained in the indictment against me and having received and read a copy of the indictment before being called upon to plead, I hereby

ERIC J. RIGGS
DEFENDANT

**PAGE THREE OF FOUR PAGES**

enter a plea of guilty to the felony offenses of "malicious assault," in violation of West

Virginia Code §61-2-9, as set forth in Count One of Indictment Number 12-F-130 and Count

One of Indictment Number 13-F-152, both provable offenses as contained in said indictments.

I have been advised by my lawyer, and I understand that the plea agreement in my case is,

pursuant to Rule 11, West Virginia Rules of Criminal Procedure, a "Type B" agreement. I also

know and understand, having been advised by my attorney, the difference between the two types

of agreements.

ERIC J. RIGGS
DEFENDANT

DATED: September 27, 2013

WITNESS

CARL L. HARRIS
COUNSEL FOR THE STATE

JAMES A. ADKINS (9892)
COUNSEL FOR DEFENDANT

**PAGE FOUR OF FOUR PAGES**

25 INBOUND NOTIFICATION: FAX RECEIVED SUCCESSFULLY

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| --- | --- | --- | --- | --- |
| February 15, 2018 9:14:57 AM EST | | 90 | 4 | Received |

Feb. 15. 2018– 9:10AM                                         No. 2670    P. 1

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

VS:

INDICTMENT NO. 12-F-130
INDICTMENT NO. 13-F-152
TIMOTHY L. SWEENEY, JUDGE

ERIC J. RIGGS
(DOB: 11-21-1990)
      Defendant

## CONVICTION ORDER

This matter came on to be heard on this 27th day of September 2013, the State of West Virginia appearing by Prosecuting Attorney Carl L. Harris and the defendant Eric J. Riggs, appearing in person and by his counsel, James A. Adkins.

Whereupon, the State of West Virginia announced unto the Court that an agreement had been reached in this matter, subject to the approval of the Court, whereby the defendant would enter a plea of guilty to the felony offense of malicious assault as charged in Count One of Indictment 13-F-152 and to the felony offense of malicious assault as charged in Count One of Indictment No. 12-F-130. Counsel for the State will move to dismiss Count Two of Indictment No. 12-F-130 charging the felony offense of attempted murder and Count Two of Indictment No. 13-F-152, charging the felony offense of attempted murder.

Thereupon, the plea agreement letter dated September 6, 2013, prepared by the State and executed by the defendant and his counsel, was presented unto the Court. The defendant was, thereupon, sworn to answer questions before this Court.

Whereupon, the Court inquired of the defendant if the plea agreement letter presented unto the Court on this date was the entire agreement between the State and the defendant and if the signature on each page of the three page letter was, indeed, his signature, if he fully understood the

nature of the plea agreement, the statutory and constitutional rights that would be waived upon entry of a plea of guilty to the felony offenses of malicious assault, and the nature and consequences to the defendant of a plea of guilty as contemplated by said plea agreement. The Court, having been advised by the defendant that the signature on each page of the plea agreement letter submitted is his signature, that he fully understood the nature and consequences of the plea agreement, the statutory and constitutional rights that would be waived upon entry of a plea of guilty to the felony offenses of malicious assault, and the defendant having waived the reading of the indictment herein, called upon the defendant for his plea, to which the defendant entered an oral plea of guilty and executed a written plea of guilty in open court to the felony offenses of malicious assault as charged in Count One of Indictment 13-F-152 and malicious assault as charged in Count One of Indictment No. 12-F-130 Further, counsel for the defendant presented a written plea of guilty, which was executed by the parties and submitted unto the Court. The written plea of guilty is hereby **ORDERED** filed.

Whereupon, the Court made the following findings of fact:

1. The defendant and his attorney have received a copy of the indictment herein and the defendant fully understands the nature and meaning of the felony offenses to which he has pled guilty.

2. The defendant has been represented by an attorney who is competent in criminal matters and has advised the defendant of his constitutional rights, and the defendant is fully satisfied with said attorney.

3. The defendant understands that sentencing is in the sole discretion of the Court and no part of this plea is binding upon the Court.

4. The defendant understands any recommendation is merely a recommendation and the Court is not bound by this recommendation.

5.   The defendant fully understands the penalties for the felony offenses of malicious assault which is imprisoned in the penitentiary for not less than two nor more than ten years for each count.

6.   The defendant understands that failure to pay any Court ordered fines, costs, or restitution imposed in this matter within the time allotted to the Court may result in the loss of his West Virginia driver's license.

7    The defendant understands the effect of his plea of guilty to the felony offenses with regard to recidivism, possession of firearms, and his right to vote and the DNA collection law.

8.   The defendant intelligently, knowledgeably, freely, and voluntarily waived his rights, and his plea is voluntary.

9.   The defendant fully understands and knows the nature and consequences of his plea.

10.  Based upon the statements of the defendant, a factual basis does exist for the defendant's plea of guilty to the felony offenses of malicious assault.

11.  The crime to which the defendant has pled guilty is provable.

12.  The plea agreement herein is consistent with the public interest in the fair administration of justice.

In consideration of all of which, the Court accepts the defendant's oral and written plea of guilty to the felony offenses of malicious assault, as charged in Count One on Indictment 12-F-130 and Count One of Indictment 13-F-152. Accordingly, it is hereby the **ORDER** and **JUDGMENT** of this Court that the defendant is adjudged and found to be guilty of such offenses.

It is further **ORDERED** that Count Two of Indictment 12-F-30 and Count Two of Indictment No. 13-F-152 are hereby dismissed and stricken from the Court's docket.

The defendant's application for probation is referred to the Probation Department of this Court for investigation and report.

It is further the **ORDER** and **JUDGMENT** of the Court that sentencing in this matter is deferred until ~~December 20, 2013, at 11:00 a.m.~~, pending a presentence investigation to be performed by the Probation Department of this Court.

The defendant is hereby remanded back to the Custody of the Division of Corrections.

The Clerk of this Court is directed to forward attested copies of this Order to Carl L. Harris, Prosecuting Attorney; ~~Nancy S. Fraley~~ *JAMES A. ADKINS*, Counsel for the defendant; Mount Olive Correctional Complex, 1 Mountainside Way, Box 9, Mt. Olive, WV 25185 and Janette Woodrum, Chief Probation Officer.

ENTERED this ____3rd____ day of ____October____ 2013.

_____
PAUL M. BLAKE, JR., JUDGE
*TIMOTHY L. SWEENEY*

Presented by:

_____
CARL L. HARRIS
Prosecuting Attorney

Approved by:

_____
JAMES A. ADKINS
Counsel for the Defendant

Attested Copies to:
CLH / CJ(2)
JAA / _____
MOCC / _____
JW / _____
Date: October 29, 2013
Initials: JRr

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

VS:                                          INDICTMENT NO. 12-F-130
                                             INDICTMENT NO. 13-F-152
                                             TIMOTHY L. SWEENEY, JUDGE

ERIC J. RIGGS
(DOB: 11-21-1990)
     Defendant

## SENTENCING AND COMMITMENT ORDER

On the 24th day of January 2014, came the State of West Virginia by Prosecuting Attorney

Carl L. Harris the defendant appearing in person and by his counsel, James A. Adkins; and the

Probation Department of this Court appearing by Jerry Willoughby, for the purpose of imposition of

sentence and a hearing upon the defendant's application for probation heretofore made, pursuant to

the defendant's conviction by plea on September 27, 2013, to the felony offense of malicious assault

as charged in Count One of Indictment 13-F-152 and to the felony offense of malicious assault as

charged in Count One of Indictment No. 12-F-130.

Whereupon, the Court reviewed the presentence report of the Probation Department and

addressed the issue of additions or corrections to said report.

The Court, thereupon, offered all parties, including the defendant, an opportunity to address

the Court prior to pronouncement of sentence.  Counsel for the defendant addressed the Court on the

defendant's behalf.

The Court, after hearing comments of the parties and after having reviewed the presentence

investigation report, makes the following findings:

    1.    The defendant has learned very little if anything from his incarceration.



2.      The defendant has little regard for the safety and health of others.

3.      The defendant committed two separate violent attacks a short time apart.

4.      The defendant has already received leniency by his plea agreement.

Upon consideration of all of which, in regard to the defendant's conviction of the felony offense of malicious assault as charged in Count One of Indictment 13-F-152, it is the **ORDER** and **JUDGMENT** of the Court that the defendant is hereby sentenced to the West Virginia State Penitentiary for an indeterminate period of not less than two years nor more than ten years. In regard to the defendant's conviction of the felony offense of malicious assault as charged in Count One of Indictment 12-F-130, it is the **ORDER** and **JUDGMENT** of the Court that the defendant is hereby sentenced to the West Virginia State Penitentiary for an indeterminate period of not less than two years nor more than ten years.

It is further **ORDERED** that the sentence imposed herein be served consecutively to each other and consecutive to the sentence the defendant is currently serving from Mercer County.

The effective date of this sentence shall be January 24, 2014.

The Court advised the defendant of his appellate rights with regard to the conviction herein and provided him with written notice thereof.

It is further **ORDERED** that the defendant shall submit a DNA sample.

The defendant is hereby remanded to the custody of the Division of Corrections for execution of the above sentence.

It is further the **ORDER** and **JUDGMENT** of this Court that the Clerk of this Court shall complete the Court Disposition Reporting Form, DPS Form 29, and shall send the original of such form to the appropriate agency for recordation.

It is further the **ORDER** and **JUDGMENT** of this Court that the Clerk of this Court shall

complete the Court Disposition Reporting Form, DPS Form 29, and shall send the original of such form to the appropriate agency for recordation. The Clerk is further directed to forthwith send an attested copy of this Order via facsimile machine to Dianne E. Skiles, Records Manager, West Virginia Division of Corrections, (304) 558-8430 and shall forward certified copies of this Sentencing and Commitment Order to the West Virginia Division of Corrections, 112 California Avenue, Building 4, Room 300, Charleston, West Virginia 25305-0280; Carl L. Harris, Prosecuting Attorney; James A. Adkins, counsel for defendant; Jerry Willoughby, Probation Officer and Eric J. Riggs c/o Mount Olive Correctional Complex, 1 Mountainside Way, Box 9, Mt. Olive, WV 25185.

ENTERED this _____ day of _____ 2014.

_____
TIMOTHY L. SWEENEY, JUDGE

Presented by:

_____
CARL L. HARRIS
Prosecuting Attorney

Approved by:

_____
JAMES A. ADKINS
Counsel for the Defendant

Attested Copies to:
WVDC / EJR
CLH / CJ
JAA /
JW /
Date: February 10, 2014
Initials: SKD

A TRUE COPY of an order entered
February 7, 2014
Teste: _____
Circuit Clerk Fayette County, WV